IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY FRYSON,<br><br>    Defendant.<br>_____/ | No. CR 04-40044 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER § 3582(c)(2) |

Defendant Henry Fryson seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on the Sentencing Commission's recent amendment to U.S.S.G. § 2D1.1 which lowered the offense levels applicable to cocaine base offenses. The government opposes the motion. Having considered all the papers filed by the parties, the Court GRANTS Defendant's motion.

BACKGROUND

On March 20, 2006, Defendant plead guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(B)(iii) and 18 U.S.C. § 2, possession with intent to distribute a mixture and substance containing cocaine base and aiding and abetting. On December 9, 2005, the parties signed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Under this rule, if the defendant pleads guilty to a charged offense, the plea agreement may specify

that the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." In the agreement, Defendant was allowed to withdraw his guilty plea if "the Court impose[d] a sentence that exceed[ed] the range agreed to by the parties" in the plea agreement. Defendant's Opposition, Exh. A, Plea Agreement ¶ 6. Similarly, the government was allowed to "withdraw from [the] agreement if the Court [did] not accept the agreed upon sentence." Id.

The parties agreed that the amount of crack cocaine Defendant possessed with the intent to distribute was "at least 50 grams but less than 150 grams." Id. at ¶ 2. The base offense level for that amount, under the guidelines in effect at the time, was thirty-two. Id. at ¶ 7. Based on a three level reduction for acceptance of responsibility, Defendant's adjusted offense level was twenty-nine. Id. Defendant's criminal history category was I. His guideline sentence range was eighty-seven to one-hundred-eight months and the parties agreed to a sentence of ninety months imprisonment. Id. at ¶ 8.

On March 20, 2006, the parties orally agreed before the Court that Defendant would receive an additional twenty-four month sentence in exchange for the government's recommendation that his wife and co-defendant in this case, Tonia Fryson, would receive a sentence of probation. On September 11, 2006, the Court accepted the parties' recommendation and sentenced Defendant to 114 months

2

of imprisonment, 90 months under the plea agreement and 24 months under the parties' oral March 20, 2006 agreement.

## DISCUSSION

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Whether to grant such a reduction lies within the discretion of the court. United States v. Townsend, 98 F.3d 510, 512 (9th Cir. 1996) ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."). In determining whether, and to what extent, such a reduction in a defendant's term of imprisonment is warranted, the court shall determine the amended guideline range and apply it as if it had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1).

United States Sentencing Guideline § 1B1.10 provides that, where the guideline range applicable to a defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). However, if none of the amendments applies, a reduction in a defendant's sentence is not authorized.

3

At issue is Amendment 706, the 2007 amendment to the Sentencing Guidelines which lowered the penalties for most crack cocaine offenses by two levels. <u>See</u> U.S.S.G. App. C, Supp. Amend. 706, U.S.S.G. § 2D1.1. Because "Amendment 713 applies Amendment 706 retroactively, a court may now modify a term of imprisonment where the underlying offense involves crack cocaine so long as the two requirements of 18 U.S.C. § 3582(c)(2) are satisfied." <u>United States v. Wesson</u>, 583 F.3d 728, 731 (9th Cir. 2009).

Defendant argues that applying Amendment 706 to the crack cocaine guideline would result in a decrease of his base offense level from thirty-two to thirty. Subtracting a three point reduction for acceptance of responsibility, his offense level would be twenty-seven, which, combined with his criminal history of I, would result in a sentencing range of seventy to eighty-seven months.

The government argues that the Court should not reduce Defendant's sentence for two reasons: (1) the express terms of the plea agreement bar his request for a reduction and (2) his sentence was not "based on a sentencing range" and therefore may not be reduced under § 3582(c)(2). Neither argument has merit.

A. Express Terms of Plea Agreement

"Plea agreements are generally construed according to the principles of contract law, and the government, as drafter, must be held to an agreement's literal terms." <u>United States v. Anglin</u>, 215 F.3d 1064, 1067 (9th Cir. 2000). The government argues that paragraph seven of the parties' plea agreement bars Defendant from requesting a reduction of the sentencing guideline range calculated in the agreement. That paragraph states, in relevant part:

4

> I agree that the Court will calculate my sentencing range under the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range.

Here, Defendant is not requesting "any other adjustment to or reduction in" the offense levels as set forth in the parties' plea agreement. This language in the agreement limited Defendant's commitment to the adjustments and reductions known to the parties at the time that they signed the agreement. The agreement did not foreclose Defendant's ability to seek resentencing based on future changes to the guidelines that were then unknown to the parties.

B.   "Based on a Sentencing Range"

The government argues that 18 U.S.C. § 3582(c)(2) is inapplicable because Defendant received a stipulated sentence pursuant to Rule 11(c)(1)(C) and it was therefore not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The government relies on United States v. Bride, 581 F.3d 888 (9th Cir. 2009).

In Bride, the defendant had an offense level of 42 and a criminal history category of II, which resulted in a guideline sentencing range of thirty years to life in prison. After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court accepted the parties' plea agreement and sentenced Bride to nineteen years in prison. Bride sought a sentencing reduction under § 3582(c)(2) based on Amendment 706. The district court denied Bride's motion and the Ninth Circuit affirmed. The Ninth Circuit held that Bride's sentence was "based on the

5

1 agreement between the parties, rather than on a Guidelines
2 Sentencing range.  Bride is therefore statutorily ineligible for
3 relief." Id. at 891.  The court relied on the fact that, under the
4 plea agreement, "Bride received a sentence that was a full eleven
5 years shorter than the low-end of the applicable Guidelines
6 sentencing range as determined by the district court." Id.  At the
7 end of the opinion, the court specifically noted that it did "not
8 reach the issue of whether § 3582(c)(2) relief is necessarily
9 precluded when the district court imposes a sentence pursuant to a
10 Rule 11(c)(1)(C) plea agreement." Id. n.5.

11     Bride is distinguishable because, in the present case, the
12 parties agreed to, and the Court accepted, a sentence of 90 months,
13 which was squarely within the guideline sentencing range of 87 to
14 108 months for Defendant's offense and criminal history level.  The
15 Court concludes that Defendant's 90 month sentence was "based on a
16 sentencing range that has subsequently been lowered by the
17 Sentencing Commission."  That Defendant later accepted an addition
18 of 24 months to his sentence in exchange for leniency in his wife's
19 sentence does not change this conclusion.  Therefore, Defendant is
20 eligible to be resentenced to between 70 and 87 months of
21 incarceration, plus the 24 months he agreed to serve for his wife.
22 C.   Sentence Reduction In the Interest of Justice

23     Defendant argues that the Court should further reduce his
24 sentence to the five-year statutory mandatory minimum.  The
25 government counters that, even if § 3582(c)(2) applies, the Court
26 should exercise its discretion and leave Defendant's sentence
27 unchanged.  Neither option is appropriate.  Just as the Court
28 previously sentenced Defendant to the low end of his guideline

6

sentence before Amendment 706, the Court will now resentence him to the low end of his new guideline range.  The Court sentences Defendant to 70 months of imprisonment plus 24 additional months for the prison time he agreed to serve in exchange for the reduction of his wife's sentence.  Therefore, Defendant's new sentence is 94 months of incarceration along with the same conditions of supervised release as previously ordered by the Court.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for a reduced sentence.  Docket No. 666.  The clerk shall issue an amended judgment consistent with this order.

IT IS SO ORDERED.

Dated: 02/03/10

_____
CLAUDIA WILKEN
United States District Judge