IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY FRYSON,<br><br>    Defendant.<br>_____/ | No. CR 04-40044 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RE-EXAMINATION OF SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) |

    Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. § 3582(c)(2).

    On February 3, 2010, the Court granted Defendant Henry Fryson's request to reduce his sentence pursuant to § 3582(c)(2) based on the Sentencing Commission's amendment to U.S.S.G. § 2D1.1, which lowered the offense levels applicable to cocaine base offenses. The Court reduced his sentence from 114 months to 94 months. Now Defendant seeks a further reduction pursuant to § 3582(c)(2), Spears v. United States, 129 S. Ct. 840 (2009), and Nelson v. United States, 129 S. Ct. 890 (2009).

Both <u>Spears</u> and <u>Nelson</u> are inapplicable because they address original sentencing proceedings, not sentencing reductions based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Therefore, those cases are not applicable here.

Defendant argues that the 18 U.S.C. § 3553(a) factors demand a lower sentence than 94 months. When the Court previously reduced Defendant's sentence, it lowered the sentence "to the low end of his new guideline range." Order Granting Defendant's Motion for Sentence Reduction Under § 3582(c)(2), February 3, 2010 at 7. A sentencing court may not "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range," unless the sentencing court originally imposed a below Guidelines range sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), (B). This Court did not originally impose a below Guidelines range sentence; therefore, it may not further reduce Defendant's sentence under § 3582(c)(2). See <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2690 (2010).

In <u>Dillon</u>, the Supreme Court explained that § 3582(c)(2) does not authorize a resentencing proceeding. <u>Id.</u> at 2692. Rather, it gives courts the power to reduce an otherwise final sentence, but only in circumstances specified by the Sentencing Commission. <u>Id.</u> at 2691-92. And, the Supreme Court held that <u>United States v. Booker</u>, 543 U.S. 220 (2005), does not preclude the Sentencing Commission from issuing the policy statement that it did, that allows a reduction at § 3582(c)(2) proceedings only to the minimum of the amended guideline range and not below it, unless the

2

original sentence was a below-guidelines sentence. <u>Id.</u> at 2692. Accordingly, the Court denies Defendant's motion for a reduced sentence. Docket No. 698.

IT IS SO ORDERED.

Dated: 08/06/10

_____
CLAUDIA WILKEN
United States District Judge